# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JOSEPHINE BELLARDITA, | CASE NO. CV F 08-1927 LJO |
| Debtor. | **ORDER TO DISMISS FOR DISOBEDIENCE OF ORDERS** |
| vs. | (Docs. 2, 4.) |
| JOSEPHINE BELLARDITA, VITA BELLA GROUP HOMES, INC., THE ROSARIO FAMILY TRUST, | |
| Appellants, | |
| vs. | |
| BETH MAXWELL STRATTON, | |
| Appellee. / | |

## BACKGROUND

Appellee and Chapter 7 Trustee Beth Maxwell Stratton ("Ms. Stratton") properly elected to transfer the appeal of appellant and debtor Josephine Bellardita ("Ms. Bellardita") to this Court from the U.S. Bankruptcy Appellate Panel of the Ninth Circuit ("BAP"). The December 17, 2008 Opening Letter ("opening letter") of this Court's clerk required Ms. Bellardita within 10 days to file a designation of record, statement of issues on appeal, and notice regarding ordering of transcripts with the bankruptcy court. Ms. Bellardita has failed to comply with the opening letter.

On December 29, 2008, Ms. Bellardita filed papers which this Court construes to request to return this appeal to the BAP. Ms. Bellardita cites no authority to return this appeal to the BAP and complains that Ms. Stratton's counsel did not serve her a file-stamped copy of the notice to transfer the

appeal to this Court.

Ms. Stratton is entitled to elect to have this appeal heard by this Court. *See* 28 U.S.C. § 158(c)(1)(B). This Court's January 5, 2009 order ("January 5 order") required Ms. Bellardita, no later than January 19, 2009, to file and serve papers to show cause in writing why this appeal should not be dismissed for failure to comply with the opening letter and to prosecute her appeal diligently. The January 5 order "**ADMONISHES Ms. Bellardita that failure to comply with this order will be further grounds to dismiss this appeal.**"

Ms. Bellardita has failed to comply with the opening letter and the January 5 order.

## DISCUSSION

### Failure To Comply With Orders

This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;

1 *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal as Ms. Bellardita indicates a lack of interest to further litigate or prosecute this appeal. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The January 5 order "**ADMONISHES Ms. Bellardita that failure to comply with this order will be further grounds to dismiss this appeal.**"

Ms. Bellardita has ignored the opening letter and January 5 order and has failed to prosecute this appeal. Ms. Bellardita received adequate warning that dismissal will result from disobedience of this Court's order and failure to prosecute this appeal. Quite simply, Ms. Bellardita has failed to comply with this Court's directives and to meaningfully and intelligently respond to them.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES this appeal without prejudice;
2. FURTHER ADMONISHES Ms. Bellardita of the need to obey this Court's orders and Local Rules; and
3. DIRECTS the clerk to close this action.

IT IS SO ORDERED.

**Dated:   February 12, 2009         /s/ Lawrence J. O'Neill**
                                UNITED STATES DISTRICT JUDGE